UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD LONG,

                Petitioner,                Case No. 14-11260

v.

                                                HON. AVERN COHN

JOE BARRETT,

                Respondent.

_____/

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Edward Long, ("Petitioner"), was convicted in state court by a jury of third-degree criminal sexual conduct, M.C.L. § 750.520d(1)(b), for which he is serving a sentence of 7-to-15 years imprisonment. The petition, filed through counsel, raises four claims: (1) the trial court erroneously admitted evidence of Petitioner's prior criminal sexual conduct, (2) Petitioner's right to present a defense was violated by the exclusion from evidence of an affidavit from Petitioner's previous victim claiming that she was never assaulted, (3) Petitioner was denied the effective assistance of counsel, and (4) insufficient evidence was presented at trial to sustain Petitioner's conviction. For the reasons that follow, the petition will be denied for lack of merit.

### II. Background

The relevant facts are taken from the Michigan Court of Appeals, which are

presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

> The 15-year-old victim testified that defendant sexually assaulted her during a family reunion in July 2011. On the night of the assault, the victim spent the night in a hotel room with her cousins. They ordered pizza, which was delivered at approximately 1:30 a.m. The victim went to defendant's room to get plates. There were no lights on in the room at the time; only a television was on. After letting the victim into the room, defendant grabbed the victim by her wrist and threw her on the bed. Defendant held both of the victim's wrists above her head and proceeded to have sexual intercourse with the victim. Defendant admonished the victim not to tell anyone because they would get in "big trouble." Defendant's 88-year-old mother-in-law was in the room while this incident happened. She suffered from dementia or Alzheimer's disease and may have been asleep at the time.
>
> The victim told her mother what happened ten days after the incident. A medical examination indicated that the victim's hymen appeared to be intact and there was no physical evidence of sexual contact.
>
> LB, who is defendant's daughter's maternal cousin, testified that on July 30, 1998, defendant sexually assaulted her when she was 13 years old. LB was using the bathroom when she heard a knock at her front door. She answered the door with her pants and underwear not pulled up all the way. Defendant was at the door. Defendant's wife was also outside of LB's home. Defendant asked if LB's parents were home. LB told defendant that her parents were not home. Defendant then opened the screen door and went inside. He had a cup of alcohol in his hand. Defendant again confirmed that LB's parents were not home. He pushed LB up against the refrigerator and started fondling her breasts and then her vaginal area. LB tried to get defendant off of her. Then defendant got on top of LB on the floor, took his pants down, and had sexual intercourse with her. Defendant stopped when he heard his wife approaching.
>
> A jury convicted defendant of third-degree CSC and he was sentenced to 7 to 15 years' imprisonment. After filing his claim of appeal, defendant filed a motion to remand for a Ginther hearing. Defendant argued that defense counsel was ineffective by not calling his daughter, LaTonya, to testify. Defendant attached an affidavit of LaTonya to his motion to remand as support that LaTonya would have testified that she went to defendant's hotel room on the night in question at approximately 2:15 a.m. and that only defendant and her grandmother were present and both were asleep. Allegedly, LaTonya would have also testified that the victim only went to

> defendant's room to drop off a salad and then left. Defendant also asserted that defense counsel was ineffective by not calling either his wife, Jacqueline Fears, or LaTonya to testify that they witnessed LB sign an affidavit that LB disavowed signing during trial. Defendant also appears to have argued that both Fears and another family member, Audrey Crump, could have testified that the victim did not appear to be suffering from any trauma after the alleged incident took place. This Court denied defendant's motion to remand for "failure to persuade the Court of the necessity of a remand." People v. Long, unpublished order of the Court of Appeals, entered September 24, 2012 (Docket No. 308709).

People v. Long, No. 308709, 2013 WL 2095799, at *1 (Mich. Ct. App. May 14, 2013).

Following his conviction and sentence, Petitioner filed a direct appeal, raising the following claims:

> I. The trial judge abused her discretion and denied Mr. Long due process by allowing the prosecution to present, in this child criminal sexual conduct prosecution, evidence that Mr. Long had engaged in a prior dissimilar act of child criminal sexual conduct thirteen years earlier.
>
> II. The trial court violated Mr. Long's due process right to present a defense and his Sixth Amendment right to the effective assistance of counsel by barring defense counsel from introducing an affidavit, purportedly signed and attested to by witness Lynette Bailey, which, contrary to her testimony, indicated that Mr. Long never committed any type of sex act against her.
>
> III. Mr. Long was denied effective assistance of counsel when counsel failed to call witnesses that could have testified that they witnessed prosecution witness [L.B.] sign the affidavit that she disavowed, as well as witnesses that could have testified that Ms. Crawford never entered the room as she claimed, and that Ms. Crawford seemed to be enjoying herself the day following the alleged assault.
>
> IV. Where a first degree criminal sexual conduct charge requires proof of penetration, and where the medical evidence established that the complainant's hymen was intact, the evidence was insufficient to convict Mr. Long beyond a reasonable doubt.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. Long, 2013 WL 2095799, at *5. Subsequently, Petitioner filed an application

for leave to appeal in the Michigan Supreme Court, raising the same claims as in the Michigan Court of Appeals. The Michigan Supreme Court denied the application by standard order. People v. Long, 495 Mich. 867 (2013) (table).

### III. Standard of Review

Under 28 U.S.C. § 2254(d):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) quoting Williams, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

4

correctness of the state court's decision." Harrington v. Richter, 562 U.S.86, 101 (2011), quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87 (internal quotation omitted).

To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact and that the resulting state court decision was "based on" that unreasonable determination. Rice v. White, 660 F.3d 242, 250 (6th Cir. 2012). However, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

### IV. Analysis

#### A. Prior Bad Acts Evidence

##### 1.

In his first claim, Petitioner says that the admission of L.B.'s testimony about Petitioner's 1998 sexual assault against her amounted to improper bad-character evidence. The Michigan Court of Appeals found no error because the two assaults were similar enough for admission under Michigan Rule of Evidence 404(b) to show a

"common system, plan, or scheme."

2.

"There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003). Consequently, "there is no Supreme Court precedent that the trial court's decision could be deemed 'contrary to' under [§ 2254(d)(1)]." Id. at 513. Petitioner's disagreement with the state court's ruling on the admissibility of bad acts" evidence "is not cognizable on federal habeas review, inasmuch as it involves no constitutional dimension." Bey v. Bagley, 500 F.3d 514, 523 (6th Cir. 2007). Petitioner is therefore not entitled to relief on this claim.

B.  Right to Present a Defense

1.

In his second claim, Petitioner contends that his right to present a defense was violated when the trial court excluded from evidence the purported affidavit of L.B. that Petitioner never molested her. The trial court excluded the affidavit on lack-of-foundation grounds under Michigan Rule of Evidence 901(a) because L.B. denied that it was her affidavit and Petitioner could not otherwise authenticate the document.

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he also has the right to present his own witnesses and evidence to establish a defense. This right is a fundamental element of the due process of law. Washington v. Texas, 388 U.S. 14, 19 (1967); See also Crane v. Kentucky, 476 U.S. 683, 690 (1986)("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation

6

clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'")(internal citations omitted).

However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. Montana v. Egelhoff, 518 U.S. 37, 42 (1996). The Supreme Court has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." Crane, 476 U.S. at 689. The Supreme Court gives trial court judges "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. Id. (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). Finally, rules that exclude evidence from criminal trials do not violate the right to present a defense unless they are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" United States v. Scheffer, 523 U.S. 303, 308 (1998)(quoting Rock v. Arkansas, 483 U.S. 44, 56 (1987)).

Moreover, it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." See Rockwell v. Yukins, 341 F. 3d 507, 511-12 (6th Cir. 2003).

3.

Here, the trial court did not prevent Petitioner from presenting a defense that L.B. was being untruthful about the prior assault. Petitioner was free to cross examine her

and suggest that she fabricated her allegations against him. Instead, the trial court only precluded Petitioner from introducing the purported affidavit because she denied she made it, and Petitioner could not otherwise authenticate it. This was not unreasonable or contrary to state, much less, federal law. Michigan Rule of Evidence 901(a) requires that for a document to be admissible into evidence, the party seeking its admission must authenticate it with sufficient evidence to "support a finding that the document is what the proponent claims it to be." People v. Howard, 226 Mich. App 528, 553 (1997). "The authentication requirement serves 'legitimate interests in the criminal trial process,' and is neither arbitrary nor disproportionate." U.S. v. Almonte, 956 F. 2d 27, 30 (2nd Cir. 1992)(citing Rock, 483 U.S. at 55-56). Therefore, the trial court's decision to exclude the affidavit on the ground that it could not be authenticated did not violate Petitioner's constitutional right to present a defense. Id.

### C. Ineffective Assistance of Counsel

#### 1.

In his third claim, Petitioner contend that his trial counsel was ineffective for failing to present certain witnesses testimony. Petitioner says that other witnesses would have testified that the victim went to Petitioner's hotel room and stayed only briefly to drop off a salad, and that Petitioner's daughter witnessed L.B. sign the affidavit. Another witness would have testified that the victim did not appear to be traumatized at the family reunion.

Petitioner presented affidavits from these uncalled witnesses to the Michigan Court of Appeals and requested an evidentiary hearing to expand the record. Rather than hold a hearing, the Court of Appeals appears to have accepted the allegations in

the affidavit, but found that Petitioner could not demonstrate that he was prejudiced by the failure to call these witnesses because another defense witness testified that he was with Petitioner in his hotel room when the assault was alleged to have taken place, and that the victim was not in the room at the time. This same witness also testified that the victim did not appear to be traumatized the next day.

2.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner's counsel was ineffective. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel guaranteed by the Sixth Amendment. Id. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial. Id.

Because, however, the state court rejected this claim on the merits, review is much more narrow. The question is whether the fact-specific analysis given by the state appellate court falls within the bounds of reasonable adjudications of Petitioner's claims — a substantially higher threshold. Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). Indeed, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles, 556 U.S. at 123.

Because of this doubly deferential standard, the Supreme Court has indicated that:

Federal habeas courts must guard against the danger of equating

unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Id. at 105.

### 3.

Here, the state court noted that Petitioner's counsel presented a defense witness that essentially testified to the same things that the uncalled witnesses would have said. As a result, the state court concluded that Petitioner was not prejudiced by the failure to call additional witnesses on a point already made but obviously rejected by the jury. This conclusion was not outside the bounds of reasonable adjudications of the claim. Even if Petitioner presented additional evidence attacking L.B.'s credibility, he was still faced with the fact that he pled guilty to the prior sexual assault.  See Tr. 1/10/12, pp. 41-42, 139.  Furthermore, while Petitioner claims he had additional alibi witnesses, one alibi witness was presented, Fayette Turner. It is likely that the jury did not believe Turner's testimony, and they would not have believed any additional alibi witnesses either, because when Petitioner made a statement to police he did not mention Turner or these other witnesses as being present with him at the time. It was not unreasonable for the state court to reject the claim on the prejudice prong of the Strickland test. Therefore, Petitioner is not entitled to relief on this claim.

### D.  Sufficiency of the Evidence

### 1.

In his final claim, Petitioner says that the evidence was insufficient to sustain his conviction because the element of sexual penetration was not proven beyond a

reasonable doubt. Specifically, Petitioner asserts that the medical evidence indicated that the victim's hymen was intact and there was no other physical evidence of penetration.

2.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Petitioner faces a steep climb to establish that the state court's discussion of the evidence unreasonably applied the Jackson standard. "Two layers of deference apply to habeas claims challenging evidentiary sufficiency." McGuire v. Ohio, 619 F.3d 623, 631 (6th Cir. 2010) (citing Brown v. Konteh, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Brown, 567 F.3d at 205 (citing Jackson, 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." Id. The Jackson standard is "exceedingly general," and therefore Michigan courts are afforded "considerable leeway" in its application.

Davis v. Lafler, 658 F.3d 525, 535 (6th Cir. 2011).

3.

Here, the doctor who treated the victim after the assault testified that an intact hymen did not conclusively prove or disprove that a sexual penetration occurred. Tr. 1/10/12, p. 83. Moreover, the fact that the victim's testimony was uncorroborated does not render the evidence of penetration insufficient. The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's conviction. See United States v. Howard, 218 F. 3d 556, 565 (6th Cir. 2000)(citing Gilbert v. Parke, 763 F. 2d 821, 826 (6th Cir. 1985)). The victim's testimony that Petitioner sexually penetrated her was sufficient to sustain Petitioner's third-degree criminal sexual conduct conviction, notwithstanding the lack of physical evidence to corroborate the victim's testimony. See O'Hara v. Brigano, 499 F. 3d 492, 500 (6th Cir. 2007). The state court was not unreasonable in concluding the same. Petitioner is not entitled to relief on this claim.

V. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's conclusion that Petitioner has not meet the standard for a certificate of appealability.

## VI. Conclusion

Accordingly, for the reasons state above, the petition is DENIED. This case is DISMISSED. A certificate of appealability is also DENIED.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: September 4, 2015
      Detroit, Michigan